UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-21472-Civ-COOKE/BANDSTRA

UNITED STATES OF AMERICA,

    Plaintiff

vs.

BELCORP OF AMERICA, INC., *et al.*,

    Defendants.

_____/

**ORDER DENYING UNITED STATES' MOTION FOR RECONSIDERATION**

THIS CASE is before me on the Plaintiff's Motion for Reconsideration [D.E. 40]. I have reviewed the arguments and the relevant legal authorities. For the reasons explained below, the motion for reconsideration is denied.

**I. BACKGROUND**

The Plaintiff, the United States of America, filed a motion for default judgment on October 5, 2009 [D.E. 26] against the Defendant, Belcorp of America, Inc., after Belcorp failed to pay an accumulation of taxes pursuant to 7 U.S.C. § 518 *et seq* (the Fair and Equitable Tobacco Reform Act of 2004, or "FETRA"). Belcorp failed to answer the complaint and a default was entered, pursuant to Federal Rule of Civil Procedure 55(a). (Clerk's Default [D.E. 25]). The United States then moved for a default judgment, pursuant to Federal Rule of Civil Procedure 55(b) [D.E. 26]. Before a default judgment was granted, Belcorp filed its Notice of Intent to Defend on Damages and Request For a Hearing [D.E. 31]. On March 8, 2010, I granted default judgment in favor of the United States and against Belcorp as to liability, and noted that the amount of damages owed by Belcorp would be determined at an evidentiary hearing, as provided for in Rule 55(b)(2)(B). (Final

Default J. 3 [D.E. 38]). The Plaintiff filed a motion for reconsideration regarding the evidentiary hearing [D.E. 40], which Belcorp opposes [D.E. 41].

## II. LEGAL STANDARDS

### A. *Motion for Reconsideration*

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (internal quotation and citation omitted)). Courts generally grant motions for reconsideration when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." *Id.* A motion for reconsideration "should raise new issues, not merely readdress issues previously litigated." *Id.* "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004) (internal quotation and citation omitted).

### B. *Evidentiary Hearings Under Federal Rule of Civil Procedure 55(b)(2)*

The Eleventh Circuit has emphasized the important distinction between the entry of default and the entry of a default judgment. *See, e.g., S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). A default is entered against a defendant who fails to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). Unless the plaintiff's claim is for an amount certain, he or she must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). "The court may conduct hearings . . . when, to enter or effectuate judgment it needs

to . . . determine the amount of damages . . . or investigate any other matter." Fed. R. Civ. P. 55(b)(2). A district court has a "great deal of discretion" in deciding the level of damages to be awarded. *Campbell v. Humphries*, 353 F. App'x 334, 337 (11th Cir. 2009) (citing *Stallworth v. Shuler*, 777 F.2d 1431, 1435 (11th Cir. 1985)).

### III.  ANALYSIS

Belcorp does not dispute its liability regarding the assessments, but does dispute the amount of assessments owed. (*See* Def.'s Mem. in Opp'n to Pl.'s Mot. for Recons. [D.E. 41]). FETRA requires the submission of several reports to the Commodity Credit Corporation ("CCC") in order to determine the Defendant's market share of gross domestic volume, which is used to calculate the amount the Defendant should annually pay to the Plaintiff. (Compl. ¶ 12 [D.E. 1]). Belcorp admits that it failed to provide the required reports to the Plaintiff, and there is nothing in the record indicating how the Plaintiff arrived at the value of the Belcorp's market share without these reports. (Def.'s Resp. to the Ct.'s Order to Show Cause [D.E. 33]). The Plaintiff merely states it was able to determine this figure with the only document Belcorp did provide, without indicating the method employed to reach this result. (Pl.'s Mot. for Recons. 12 n.6 [D.E. 40]). The formula used to arrive at the amount Belcorp owes also requires the CCC's quarterly assessments of import and manufacturing duties under FETRA, which are computed by "projecting program costs for a particular program year and allocating these costs among each of six classes of tobacco products." (Compl. ¶ 11 [D.E. 1]). Since this figure is derived by utilizing "projected" costs, the Plaintiff's damages claim is based on a rough approximation and not a concrete, determinable number, in other words, the Plaintiff's damages claim is not for a sum certain. (*See* Pl.'s Mot. for Recons. 11 [D.E. 40]) ("[B]ased on the *estimated program costs* for the quarter . . . CCC issued assessment notices to

Belcorp . . . .") (emphasis added).  As the Plaintiff's claim against Belcorp is not for a "sum certain," an evidentiary hearing is required to determine the amount of damages.  *See Smyth*, 420 F.3d at 1231 (holding that the case did not involve a "sum certain" because the disgorgement and prejudgment interest sums the Defendant owed represented only a "reasonable approximation" and were in dispute).

The Plaintiff emphasizes Belcorp's failure to exhaust administrative remedies before seeking judicial review of the tax assessments, arguing that Belcorp is foreclosed from challenging the assessments.  This foreclosure argument is properly raised at the evidentiary hearing, not in lieu of the evidentiary hearing.  Due process requires an evidentiary hearing when, in a situation such as this case, the amount of damages a defendant owes is in dispute.  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005) (requiring an evidentiary hearing, and explaining that "the right to be heard is of little value unless the party has some point of reference in established procedural rules to guide his continued participation in the proceedings, particularly when final judgment looms").

### IV.  CONCLUSION

In this case, the Plaintiff has failed to meet its burden of showing that there was either an intervening change in controlling law, new evidence, and clear error or manifest injustice.  For the reasons explained above, Plaintiff's Motion for Reconsideration [D.E. 40] is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 8th day of June 2010.

/s/ Marcia G. Cooke
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*