UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-21472-Civ-COOKE/BANDSTRA

UNITED STATES OF AMERICA,

    Plaintiff

vs.

LEADER TOBACCO COMPANY, *et al.*,

    Defendants.

_____/

**ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY
JUDGMENT AGAINST DEFENDANT LEADER TOBACCO COMPANY**

THIS CASE is before me on the United States' Motion for Summary Judgment Against Leader Tobacco Company. I have reviewed the arguments, the record, and the relevant legal authorities. The Government is seeking to recover, from Leader Tobacco, $2,674,155.78 in unpaid assessments. For the reasons explained in this order, the Plaintiff's motion for summary judgment is granted.

### I. BACKGROUND

On October 22, 2004, Congress passed the Fair and Equitable Tobacco Reform Act of 2004 ("FETRA"), which directed the Secretary of Agriculture to impose quarterly assessments on manufacturers and importers of tobacco products to fund the transition of the heavily regulated tobacco market into a free-market system over a ten-year period. 7 U.S.C. §§ 518-519a. Annual payments are to be made to owners of farms who held an established tobacco marketing quota prior to the passage of FETRA, and to other persons who had been engaged in the production of tobacco. *Id.* §§ 518a-b. Each calendar year, the Commodity Credit Corporation, which is authorized to administer the payments on behalf of the Secretary, imposes

assessments on manufacturers and importers of six classes of tobacco products to cover all payments to quota holders and producers that occur in that calendar year, as well as all "other expenditures" that occur in the corresponding fiscal year.  *Id.* §§ 518e(a); 518d(3)(A)-(B).

The Government moved for summary judgment against Leader Tobacco, seeking a monetary judgment for delinquent assessments, interest, and/or penalties accrued.  Leader Tobacco responded, challenging the constitutionality of the assessments and the method of calculation.  Leader Tobacco argues that the assessments violate its due process and equal protection rights.  (Def.'s Resp. 3 [ECF No. 28]).

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain.  *See Batey v. Stone*, 24 F.3d 1330, 1333 (11th Cir. 1994).  Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

## III.  DISCUSSION

The Commodity Credit Corporation ("CCC") imposed quarterly FETRA assessments upon Leader Tobacco between March 2005 and September 2009. (Stmt. of Material Facts ¶¶ 1-2

[ECF No. 23-2]).[1]  Leader Tobacco has only partially paid its FETRA assessments.  (*Id.* at ¶ 3).  Leader Tobacco currently owes over two million dollars in unpaid assessments imposed under FETRA.  (*Id.* at ¶ 3).  Leader Tobacco was aware of the requirements under FETRA, and was aware of the assessments imposed by the CCC.  (Maman Aff. ¶¶ 3-4 [ECF No. 28-1]).  Leader Tobacco does not dispute these facts, but instead argues that the assessment is an unconstitutional violation of its due process and equal protection rights.  (Def.'s Resp. 1 [ECF No. 28]).

    A.    *Due Process*

"Economic legislation comes to the Court with a presumption of constitutionality." *Swisher Int'l, Inc. v. Schafer*, 550 F.3d 1046, 1057 (11th Cir. 2008) (quoting *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15 (1976)).  A party challenging a statute on due process grounds must show that Congress acted arbitrarily and irrationally.  *Id.*  Due process is satisfied if the government can show that the statute is rationally related to a legitimate legislative purpose.  *Id.*  "Statutes may be invalidated on due process grounds only under the most egregious of circumstances."  *Swisher*, 550 F.3d at 1058 (quoting *E. Enters. v. Apfel*, 524 U.S. 498, 550 (2008) (Kennedy, J., concurring in the judgment and dissenting in part)).

Leader Tobacco argues that the imposition of FETRA assessments against importers of foreign tobacco products, like Leader, is arbitrary and irrational since these importers of foreign tobacco products do not benefit from transitioning U.S. tobacco farmers and quota holders from a highly regulated to a free-market system. (Def.'s Resp. 8 [ECF No. 28]).  Leader Tobacco's

---

[1] The facts set forth in Plaintiffs' Statement of Material Facts [ECF No. 23-2] are deemed admitted to the extent that they are supported by evidence in the record, since Leader Tobacco did not file an opposing statement of facts controverting Plaintiffs' Statement.  S.D. Fla. L.R. 7.5(d); *see also Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1245-1246 (S.D. Fla. 2009).

argument is premised on its conclusion that the assessments are an invalid user fee as opposed to a tax. (*Id.* at 8-9 [ECF No. 28]). Leader Tobacco asserts that the assessments are not based on a fair approximation of its use of the system. (*Id.* at 9 [ECF No. 28]).

The Eleventh Circuit Court of Appeals has already determined that assessments under FETRA do not violate a corporation's due process rights. *Swisher*, 550 F.3d at 1058 (explaining that Congress' purpose was legitimate, the means of implementation were rational, and concluding that FETRA "easily passes constitutional muster"). Leader Tobacco's assertion that the FETRA assessments have no bearing on its use of the system is incorrect. The CCC allocates assessments based on an importer's domestic market share for the class of tobacco products it is dealing in. (Reed Decl. ¶ 5 [ECF No. 23-4]). The assessments imposed on Leader Tobacco under FETRA were directly proportional to its involvement in the U.S. tobacco market.

Leader Tobacco's argument that the FETRA assessments violate its due process rights because the assessments were so high that it was forced out of business also fails. *See City of Pittsburgh v. Alco Parking Corp.*, 417 U.S. 369, 374-75 (1974) (explaining that a valid tax does not violate due process just because it is so excessive that it renders a business unprofitable). Finally, Leader Tobacco's argument that the CCC cannot access interest on unpaid FETRA assessments is unavailing since the CCC has been expressly authorized to assess interest on unpaid amounts. 7 C.F.R. § 1463.9(d).

Since Congress has exercised its powers to serve legitimate legislative purposes and has chosen rational means to do so, the FETRA assessments do not violate Leader's due process rights.

### B. *Equal Protection*[2]

The Equal Protection Clause "requires the government to treat similarly situated persons in a similar manner." *Gary v. City of Warner Robins, Ga.*, 311 F.3d 1334, 1337 (11th Cir. 2002). "In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against [an] equal protection challenge if there is any *reasonably conceivable* state of facts that could provide a rational basis for the classification." *Swisher*, 550 F.3d at 1060 (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)). "Equal protection is not a license for the courts to judge the wisdom, fairness, or logic of legislative choices." *Id.*

Leader Tobacco asserts that FETRA, while facially neutral, is being unequally applied in a discriminatory manner that favors domestic manufacturers to the detriment of small importers. (Def.'s Resp. 16-18 [ECF No. 28]). Leader Tobacco's position is that FETRA "offends equal protection principals because as to the class of entities that sold cigarettes at the wholesale level, it had the intended effect of unfairly discriminating against importers relative to domestic manufactures." (*Id.* at 18). The Government points out that small importers of tobacco are not a suspect class, and that participation in the tobacco market is not a fundamental constitutional right. (Pl.'s Reply 6 [ECF No. 29]). Given this context, and the fact that FETRA is an Act expressing economic policy, the Government's position is that FETRA must be upheld against Leader Tobacco's equal protection challenge since there is a reasonably conceivable state of facts that provides a rational basis for the classification, namely that the Act is being equally applied to all participants in the U.S. tobacco market in order to defray the cost to the

---

[2] "The Equal Protection Clause of the Fourteenth Amendment does not apply directly to the federal government; however, the principles of equal protection are applied to the federal government through the Due Process Clause of the Fifth Amendment." *Swisher*, 550 F.3d at 1060 n.13.

Government of deregulating the market.  (*Id.*).

The Eleventh Circuit Court of Appeals has previously determined that assessments under FETRA did not violate a corporation's equal protection rights.  *Swisher*, 550 F.3d at 1059-60 (rejecting a tobacco company's equal protection challenge because there was a rational basis for FETRA's methodology).  Although Leader Tobacco's challenge is not identical to the equal protection challenge raised by the tobacco company in *Swisher*, the Eleventh Circuit's opinion provides much guidance.  As the Eleventh Circuit explained, the rational basis test that is applied to statutes affecting social and economic policy reflects "the Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one, and perfection is not required in making the necessary classifications."  *Id.* at 1060 (internal citations omitted).

FETRA assessments are applied equally across the board, to domestic manufacturers and small importers, based on their percentage of participation in the U.S. tobacco market. (Reed Decl. ¶ 5 [ECF No. 23-4]).  The fact that these assessments do not affect the domestic manufacturer's bottom line to the same extent that they affect small importers does not render the FETRA assessments irrational.  Since Congress has exercised its powers to serve legitimate legislative purposes and has chosen rational means to do so, the FETRA assessments do not violate Leader's equal protection rights.

### C. *Retroactive Application of FETRA*

In determining whether an act will have prospective or retroactive effect, a reviewing court must first look to the intent of the legislature.  *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 837 (1990).  "[W]here congressional intent is clear, it governs."  *Id.*

Leader Tobacco argues that FETRA should only be applied prospectively.  (Def.'s Resp.

6

18 [ECF No. 28]).  Congress passed FETRA on October 22, 2004, however the CCC has assessed payments against sales starting October 1, 2004.  It is Leader Tobacco's position that the imposition of assessments from October 1, 2004 to October 21, 2004 is an improper retroactive application of FETRA.  The Government argues that congressional intent to have FETRA take retroactive effect dating back to October 1, 2004 is clear because FETRA requires quarterly assessments for each fiscal year from 2005 through 2014.  7 U.S.C. § 518d(b)(1).  As Leader Tobacco concedes, the Government's fiscal year begins October 1.  (Def.'s Resp. 10 [ECF No. 28]).

The Government is correct.  Congressional intent to have the FETRA assessments apply retroactively, starting October 1, 2004, is clearly evidenced by its statement in 7 U.S.C. § 518d(b)(1).  The CCC properly calculated FETRA assessments commencing October 1, 2004.

### IV.  CONCLUSION

There are no disputes as to any material facts in this case.  As explained in this Order, the FETRA assessments do not violate Leader Tobacco's due process or equal protection rights.  The Government has explained that while this motion for summary judgment has been pending the CCC has imposed additional assessments on Leader Tobacco, which have not been paid.  Accordingly, summary judgment will be entered in favor of the Government, against Defendant Leader Tobacco, however before final judgment is entered the Government will be permitted to file a statement setting out Leader Tobacco's current balance in arrears.

It is **ORDERED and ADJUDGED** that:

1. The Plaintiff's Motion for Summary Judgment [ECF No. 23] is **GRANTED**.  Final judgment against Defendant Leader Tobacco Company will not be entered until the Government has had an opportunity to provide an updated statement of the Defendant's

outstanding, unpaid FETRA assessments.

2. Within twenty-one days of this Order, the Plaintiff shall file a statement setting out Leader Tobacco Company's current balance in arrears.

**DONE and ORDERED** in chambers, at Miami, Florida, this 15th day of September 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*